UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

DANIEL L. DIXON                          CIVIL ACTION NO. 13-2776

VERSUS                                   JUDGE ROBERT G. JAMES

HOME DEPOT U.S.A, ET AL.                 MAG. JUDGE KAREN L. HAYES

RULING

       This is a products liability case brought by Plaintiff Daniel Dixon ("Dixon")  pursuant to the Louisiana Products Liability Act (the "LPLA") against the Home Depot U.S.A., Inc. (the "Home Depot"),  Ryobi Technologies, Inc. ("Ryobi"), One World Technologies, Inc. ("One World"), and Techtronic Industries Co., Ltd. ("Techtronic") (hereafter collectively referred to as "Defendants").

       Pending before the Court is Dixon's Motion *in Limine* "to Exclude attacks on Plaintiff's Counsel and Allegations of Conspiracy." [Doc. No. 89].

       For the following reasons, Dixon's Motion is GRANTED IN PART and DENIED IN PART.

I.    FACTS AND PROCEDURAL HISTORY

       On January 7, 2011, Dixon was injured while operating a Ryobi table saw, model BTS 12S ("the saw" or the "BTS 12S").  Dixon purchased the saw in September 2009 from the Home Depot in Monroe, Louisiana.  Dixon filed this personal injury lawsuit, seeking compensation under the LPLA for the injuries he sustained.

       Dixon alleges that the saw was defectively designed and unreasonably dangerous, in part, because it did not incorporate "flesh detection" technology, which causes a saw blade to stop spinning and retract in milliseconds if it contacts human skin.  The technology was developed by Dr. Stephen Gass ("Dr. Gass"), who has refused to testify in this trial, and whose testimony and opinions

were excluded in this Court's previous Ruling and Judgment. [Doc. Nos. 129 & 130].  Because Dr. Gass's testimony was excluded, Defendants were unable to raise genuine issues of material fact that flesh detection technology presented a feasible alternative design under the LPLA. *Id.* Dixon also contends, and the Court accepted that genuine factual issues exist as to whether the saw was defective because it utilized a three-in-one blade guard.

Dr. Gass has served, for free, as an expert witness for plaintiffs in similar litigation across the country. *See, e.g., Osorio v. One World Technologies, Inc.,* CIV. A. NO. 06-10725-NMG (D. Mass. 2010) and *Stollings v. One World Technologies, Inc., et. al,* CIV. A. NO. 08-C-4006 (N.D. Ill. 2012).  Counsel for Dixon has been involved in many similar trials, as has the law firm representing Defendants.  Citing similar issues that have arisen in the previous litigation, Dixon moves the Court to preclude any reference to the following at trial:

- Other lawsuits in which Dixon's counsel has represented or is currently representing clients against various table saw manufacturers on behalf of persons injured while using a table saw.

- The alleged motives of Dixon's counsel in prosecuting this or other similar lawsuits.

- *Ad hominum* attacks on Dixon's counsel, including referring to the fact that Dixon's counsel is from Texas.

- Any alleged "conspiracy" or "joint venture" between Dr. Gass and Dixon's counsel in prosecuting this or other similar lawsuits.

- The fact that Dixon has not called Dr. Gass as a live witness in this case and any speculation as to why.

- The December 23, 2004, *Oregonian* newspaper article upon which Defendants may rely on as evidence of their allegations of "conspiracy."

[Doc. No. 89].

Referencing instances where defense counsel in other litigation have violated similar *in*

*limine* rulings, Dixon also moves the Court to enter an order specifying "that Defendants and their counsel will be subject to severe sanctions for any violations" of this proposed order. [Doc. No. 111, p. 10].

Defendants filed a memorandum in opposition. [Doc. No. 111]. Defendants do not oppose the majority of Dixon's Motion, but do, however, assert that, if Dixon attempts to introduce testimony from Dr. Gass in any form, they should be permitted to argue that there is a "conspiracy" or "joint venture" between Dr. Gass and Plaintiff's counsel in prosecuting this or other similar lawsuits.  Similarly, Defendants also argue that, if Dixon attempts to introduce testimony from Dr. Gass, they should permitted to "explore the basis for [Dr.] Gass's refusal to testify in the present case." [Doc. No. 111, p. 3].  Dixon replied. [Doc. No. 118].

## II.   LAW AND ANALYSIS

### A.   Miscellaneous Uncontested Issues

Dixon argues that the evidence and potential arguments presented by the instant motion are irrelevant, and, even if relevant, that such evidence and arguments would be unfairly prejudicial. Defendants concede that (a) they will not mention Plaintiff's counsels' involvement in similar litigation; (b) they will not explore the alleged motives of Plaintiff's counsel in prosecuting this or other similar lawsuits; (c) they will not argue that Plaintiff's counsel and Dr. Gass are involved in a "joint venture" or "conspiracy;" (d) they will not make any *ad hominum* attacks on Dixon's counsel, including referring to the fact that Dixon's counsel is from Texas;  and (e) that they will not offer the December 23, 2004 *Oregonian* article for any purpose.

"Relevant evidence" is evidence that has any tendency to make a consequential fact "more or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence may

nonetheless be excluded "if its probative value is substantially outweighed by a danger of . . . unfair

prejudice, confusing the issues, [or] misleading the jury . . . ." FED. R. EVID. 403.

The Court finds that the potential arguments mentioned above are either irrelevant or highly

prejudicial.  Therefore, Dixon's Motion *in Limine* is GRANTED to the extent it seeks to prohibit

Defendants from referring to the following at trial:

- Other lawsuits in which Dixon's counsel has represented or is currently representing clients against various table saw manufacturers on behalf of persons injured while using a table saw.

- The alleged motives of Dixon's counsel in prosecuting this or other similar lawsuits.

- Any mention that Dixon's counsel and Dr. Gass are involved in a "joint venture" or "conspiracy."

- *Ad hominum* attacks on Dixon's counsel, including referring to the fact that Dixon's counsel is from Texas.

- The December 23, 2004, *Oregonian* newspaper article.

## B.    Contested Issues

Defendants reserve the right to argue that there is a "conspiracy" or "joint venture" between

Dr. Gass and Plaintiff's counsel, and to explore the basis for Dr. Gass's refusal to testify in the

present case should Dixon attempt to introduce testimony from Dr. Gass in any form.  However, Dr.

Gass's prior testimony has been prohibited.  *See* [Doc. No. 130].  Neither party shall mention Dr.

Gass, for any purpose.  Consequently, to the extent the Motion seeks to prohibit arguments related

to Dr. Gass's absence and refusal to testify at trial, or seeks to bar speculation as to why, Dixon's

Motion *in Limine* is also GRANTED.

C.      **Sanction Warning**

Finally, to the extent Dixon moves the Court to enter an order specifying that Defendants and their counsel will be subject to severe sanctions for any violations of this order, the motion is DENIED.  The Court expects the parties to obey its orders without warnings.  Any violation of its orders, including this one, will be dealt with appropriately.

MONROE, LOUISIANA, this 10th day of June, 2015.