UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DANIEL L. DIXON** | **CIVIL ACTION NO. 13-2776** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **HOME DEPOT U.S.A, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

This is a products liability case brought by Plaintiff Daniel Dixon ("Dixon") pursuant to the Louisiana Products Liability Act (the "LPLA") against the Home Depot U.S.A., Inc. (the "Home Depot"), Ryobi Technologies, Inc. ("Ryobi"), One World Technologies, Inc. ("One World"), and Techtronic Industries Co., Ltd. ("Techtronic") (hereafter collectively referred to as "Defendants").

Pending before the Court is Defendants' Motion *in Limine* to prohibit arguments to the effect that Defendants were obligated to design a "better" or "safer" saw, or the "best" or "safest" possible saw. [Doc. No. 96].

For the following reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

I.  **FACTS AND PROCEDURAL HISTORY**

On January 7, 2011, Dixon was injured while operating a Ryobi table saw, model BTS 12S ("the saw" or the "BTS 12S"). Dixon purchased the saw in September 2009 from the Home Depot in Monroe, Louisiana. Dixon filed this personal injury lawsuit, seeking compensation under the LPLA for the injuries he sustained. The facts and procedural history of this case have been recounted in numerous previous rulings. *See, e.g.,* [Doc. Nos. 129, 132, & 146].

Litigation similar to this case is ongoing throughout the country. Dixon's counsel, the

Heygood, Orr, & Pearson law firm, have, in recent trials, made arguments insinuating that Defendants were obligated to design, sell, and manufacture a saw that was "better" or "safer" or that was the "best possible saw" or the "safest saw." Defendants contend such arguments are impermissible under Louisiana law. Dixon filed a memorandum in opposition. [Doc. No. 107]. Dixon filed a reply. [Doc. No. 125].

**II.     LAW AND ANALYSIS**

Defendants' liability will depend on whether a jury determines Defendants acted unreasonably in connection with the design and manufacture of the BTS 12S. In order to make this showing, Dixon must demonstrate that, at the time the saw left Defendants' control:

> (1) there existed an alternative design for the product that was capable of preventing [Dixon's] damage; and
>
> (2) the likelihood that the product's design would cause [Dixon's] damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

LA. REV. STAT. § 9:2800.56.

Defendants argue that Louisiana law makes no requirement that they design or manufacture a safer or better saw than they did, or a saw that was the safest or best possible. Rather, Defendants contend that they were only required to produce a saw that was reasonably safe. In response, Dixon argues that the saw was not reasonably safe, which necessarily implies that Defendants were required to produce a saw that was safer and better. Further, Dixon highlights that Louisiana courts often refer to a "safer alternative design" as shorthand for describing an alternative design that was capable of preventing the claimant's injury, as required by LA. REV. STAT. § 9:2800.56(1). *See, e.g., Henderson v. Dasa,* CIV.A.No. 13-8, 2014 WL 1365968, at *2 (E.D. La. April 7, 2014) ( "the statute

2

requires Plaintiff to prove (I) that a safer alternative design existed at the time Defendants manufactured [the product in question]."). Dixon does not argue that he should be permitted to argue that Defendants were required to manufacture the "safest" or "best possible" saw.

Under no circumstances will Dixon be allowed to argue that Defendants were required to manufacturer the safest or best possible saw. Manufacturers who design reasonably safe products, even if those products were not the best or safest possible, cannot be held liable under Louisiana law.

However, depending on the context of Dixon's arguments, it could be permissible for him to argue that Defendants were required to produce a "better" or "safer" saw. The Court finds such arguments are permissible, provided they are presented in conjunction with contentions that the BTS 12S was not reasonably safe. It would be impermissible, however, for Dixon to insinuate that, even if the BTS 12S was a reasonably safe product, Defendants were nonetheless required under Louisiana law to produce a saw that was safer or better. If necessary, a limiting instruction can ameliorate any potential juror confusion.

Therefore, Defendants' Motion is GRANTED to the extent it seeks to preclude arguments that they were required to produce the "best possible" or "safest" saw. The Motion is DENIED to the extent it seeks to altogether prohibit Dixon from arguing that Defendants were required to produce a "better" or "safer" saw.

MONROE, LOUISIANA, this 20th day of July, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE